UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-162-RJC

| | |
|---|---|
| GREGORY DARIN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CHARLOTTE MECKLENBURG ) | |
| POLICE DEPARTMENT, ) | |
| Violent Crime Apprehension Team, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's Complaint will be dismissed.

**I.    BACKGROUND**

According to his Complaint, Plaintiff is an inmate currently housed in the Mecklenburg County Jail. Plaintiff alleges that during his arrest, Defendant Charlotte Mecklenburg County Police Department ("CMPD" or "Defendant"), through the Violent Crime Apprehension Team ("VCAT"), exercised cruel and unusual punishment and excessive force against Plaintiff. Plaintiff contends that Defendant pulled him from his vehicle during the arrest and employed a taser against him "four to five times . . mostly in the back." (Id. at 4). Plaintiff maintains that an officer's report of the incident shows that Plaintiff was tased while lying face down on the ground during the arrest. (Id.). Plaintiff contends there were two eyewitnesses to the tazing incident that were less than 15 feet away while the arrest was taking place. Both of these witnesses, as Plaintiff alleges, provided "very similar accounts to a private detective that was

1

assigned" to Plaintiff's case and would be able to show that Plaintiff was "tazed and hit many times while on the ground. The excessive tazing has caused" Plaintiff to develop a condition known as a "neurogenic bladder." Plaintiff describes this condition as a "d[y]sfunction of the bladder due to a disease of the central nervous system common with spinal cord injury or degeneration." (Id.).

Plaintiff requests a trial by jury and for process to issue against "each Defendant." (Id.). Plaintiff is requesting damages against Defendant in the amount of $750,000.00 for injury to compensate him for a host of alleged injuries, including "sleep deprivation, mental anguish, back spasms," and the damaged bladder. (Id. at 5).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## III. DISCUSSION

Plaintiff's Complaint must be dismissed because he has named as Defendant a party that is incapable of being sued in federal district court. The Court must examine state law to determine whether a governmental agency has the capacity to be sued in federal court. Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir. 1981). In this case, Plaintiff has named CMPD as the sole defendant. However, there is no statute in North Carolina which authorizes suit against a police department. See Moore v. City of Asheville, N.C., 290 F.Supp.2d 664, 673 (W.D.N.C. November 13, 2003), aff'd, 396 F.3d 285 (4th Cir. 2005) ("[U]nder North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."). Accordingly, Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed without Prepayment of Costs or Fees, (Doc. No. 1-1), is **GRANTED** for the limited purpose of conducting this initial review.

2. Plaintiff's Complaint is **DISMISSED without prejudice**. 28 U.S.C. § 1915A(b).

Signed: June 7, 2012

Robert J. Conrad, Jr.
Chief United States District Judge